**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3929-19

ELENA GONZALEZ,

     Plaintiff-Respondent,

v.

RICK CUTTRELL, Custodian of
Records for the Township of Neptune,

     Defendant,

and

TOWNSHIP OF NEPTUNE,

     Defendant-Appellant.

_____

Argued October 14, 2021 – Decided October 28, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0461-18.

Michael R. Burns argued the cause for appellant (Marmero Law, LLC, attorneys; Michael R. Burns, on the briefs.)

Donald F. Burke argued the cause for respondent (Law Office of Donald F. Burke, attorneys; Donald F. Burke and Donald F. Burke, Jr., on the brief).

PER CURIAM

Defendant Township of Neptune appeals from the Law Division's May 11, 2020 order granting plaintiff Elena Gonzalez's application for counsel fees and costs following the Township's denial of her request for an investigation report under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and the common law. We affirm substantially for the reasons set forth in the comprehensive written decisions rendered by Judge Lisa P. Thornton on August 1, 2018, May 9, 2019, and May 11, 2020.

The parties are fully familiar with the procedural history and facts of this matter and, therefore, we need only recite the most salient details here. Beginning in 2006, the Township employed plaintiff as a police officer. In 2013, plaintiff and a second officer filed complaints against the Township with the Equal Opportunity Employment Commission, alleging discrimination, sexual harassment, and a hostile work environment. In response, the Township retained Gregory K. Turner Consulting and Investigations L.L.C. (Turner) to independently investigate plaintiff's claims. Plaintiff cooperated with the investigation.

2

In January 2014, Turner completed its investigation and prepared a written "investigation report." The Township refused to give plaintiff a copy of the report.

On January 18, 2018, plaintiff submitted a written request to the Township's Custodian of Records for a copy of Turner's investigation report under OPRA and the common law. On January 24, 2018, the Custodian denied plaintiff's request. In his denial letter, the Custodian stated that the report was exempt from disclosure under OPRA because it concerned a sexual harassment complaint. See N.J.S.A. 47:1A-1.1. The Custodian also alleged the report constituted attorney work product. The Custodian did not address plaintiff's common law claim.

On February 6, 2018, plaintiff filed a complaint against the Township and the Custodian. Plaintiff again asserted she was entitled to access the Turner report under OPRA and the common law. She also sought counsel fees and costs.

Defendants filed an answer to the complaint, and Judge Thornton scheduled oral argument for April 2, 2018. However, shortly before the hearing date, the parties notified the court they were attempting to resolve the case. On April 10, 2018, the parties executed a consent order under which the Township

agreed to give plaintiff a copy of the Turner report with redacted names and personal identifiers.

However, the parties did not resolve the issue of plaintiff's request for counsel fees. Plaintiff sought fees under "the catalyst theory" recognized by our Supreme Court in Mason v. City of Hoboken, 196 N.J. 51, 57 (2008).

In our recent decision in Gannett Satellite Info. Network, LLC v. Twp. of Neptune, 467 N.J. Super. 385, 411-12 (App. Div. 2021), we summarized the Court's holding in Mason as follows:

> In [Mason,] . . . the Court considered whether the plaintiff was entitled to attorney's fees when a government agency voluntarily disclosed records after the plaintiff filed a lawsuit claiming a right to access to the records under OPRA and the common law. The Court adopted the "catalyst theory" and held that requestors are "entitled to attorney's fees under OPRA . . . when they can demonstrate: (1) 'a factual causal nexus between [the] litigation and the relief ultimately achieved'; and (2) 'that the relief ultimately secured by [the requestor] had a basis in law.'"
>
> [Id. at 411 (second, third, and fourth alterations in original) (quoting Mason, 196 N.J. at 76).]

We then noted that the Mason Court

> commented that "[t]he parties ha[d] not addressed at length whether the question of attorney's fees merits different treatment in an action brought under the common law[,]" and that "[a]bsent an apparent, theoretical basis for such a distinction, we conclude that

4

A-3929-19

the catalyst theory applies to common law suits as well."

> [Ibid. (alterations in the original) (quoting Mason, 196 N.J. at 79).]

The parties in Gannett disagreed whether this language in Mason constituted "dicta or a definitive holding that attorney's fees are available to a plaintiff that successfully pursues a common law right of access." Id. at 412. However, we held that our court was

> required . . . to follow the decisions of the Supreme Court, and in Mason the Court stated that in a case involving the common law right of access, attorneys' fees may be awarded under the catalyst theory unless there is "an apparent, theoretical basis" for declining to apply that theory.
>
> [Ibid. (citing Mason, 196 N.J. at 79).]

Judge Thornton applied these principles and determined plaintiff could recover her counsel fees and costs under the catalyst theory. Turning to the first prong of the Mason test, the judge found "there [was] a factual causal nexus between plaintiff's complaint and [the Township's] decision to disclose the report." The judge explained:

> Initially, defendants denied plaintiff's request. While defense counsel claims in his belated certification[] that he was "personally involved in discussions with the Township committee [. . .] with respect to release of the Turner [r]eport" in January of 2018, there is no

5 <span style="float:right">A-3929-19</span>

indication that these discussions occurred before plaintiff's request to the custodian on January 18th. At no time before plaintiff filed the complaint on February 8, 2018, did defendants offer to provide access. More importantly, the court was not advised that the parties were discussing resolution of the matter until April 2018, on the eve of the hearing. Finally, because plaintiff's right to obtain the internal investigation is well settled, it is unclear why defendants objected to disclosure when the request was made by way of the common law right of access.

In concluding that plaintiff also satisfied the second prong of the Mason test, Judge Thornton determined that the Turner report was exempt from disclosure under OPRA because it was "information generated by or on behalf of public employers or public employees in connection with any sexual harassment complaint filed with a public employer . . . ." See N.J.S.A. 47:1A-1.1. However, the judge found that plaintiff had a right to the report under the common law right to access public records.

In so ruling, Judge Thornton stated:

> There should be little doubt that access should have been provided based on the common law. The "Turner [r]eport" was created at defendants' request, to evaluate plaintiff's allegations. Plaintiff was encouraged to cooperate with Mr. Turner and submit to an interview based on assurances that the investigation would be performed by an "independent" third party. Examination of the report is essential to evaluate if [the Township] provided "an effective avenue to complain" about harassment or contributed to the alleged harm

A-3929-19

caused "through its negligence, intent, or apparent authorization of the harassing conduct." [Lehman v. Toys 'R' Us, 132 N.J. 587, 623-24 (1996)]. As the [Supreme] Court concluded in [Payton v. NJ Tpk. Auth., 148 N.J. 524, 541 (1997)], confidentiality supports the public interest to maximize reporting of sexual harassment.

[(footnote omitted).]

The judge continued:

However, the scourge of abuse will continue unabated if the claims of victims are defeated because access to evidence is denied. On the facts of the present case, plaintiff's need for disclosure far outweighs the public's need for confidentiality. Any harm that could result from disclosure can be mitigated by a protective order to redact the names of witnesses or other pertinent information. Payton, 148 N.J. at 559.

The Township moved for reconsideration, which Judge Thornton denied on May 9, 2019. The judge reviewed plaintiff's attorney's billing records and, on May 11, 2020, ordered the Township to pay plaintiff $9405 in counsel fees and $325.07 in costs. This appeal followed.

On appeal, the Township raises the same contentions it unsuccessfully presented to Judge Thornton. It argues that "the trial court's decision to award legal fees under the common law was in error and should be reversed." We disagree.

The standards governing our review of a trial judge's decision on an application for counsel fees and costs are well established. As we stated in Gannett, "the award of attorney's fees under the common law is committed to the sound discretion of the trial court, after consideration of all relevant factors." 467 N.J. Super. at 412. A trial court's award of counsel fees "will be disturbed only on the rarest occasions, and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995).

Applying these principles, we discern no basis for disturbing Judge Thornton's determination that plaintiff could recover her counsel fees and costs under Mason's catalyst theory. Like Judge Thornton, we find no "apparent, theoretical basis" for declining to apply that theory to plaintiff's common law claim. Mason, 196 N.J. at 79. The judge's findings are fully supported by the record and her legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION